SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason Kyron Lee Jones,  )  No. CV 09-0275-PHX-DGC (MHB)
  )
    Plaintiff,  )  **ORDER**
  )
vs.  )
  )
Jason Rosell, et al.,  )
  )
    Defendants.  )
  )

Plaintiff Jason Kyron Lee Jones, who is confined in the Durango Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# , 3.)[1] The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of 32.68. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/   /   /

---

[1] "Doc.#" refers to the docket number of filings in this case.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

Plaintiff alleges two counts in his Complaint for denial of trial and ineffective assistance of counsel. He sues Maricopa County Public Defenders Jason Rosell and James Haas and the Office of Public Defenders. Plaintiff seeks injunctive and compensatory relief.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Abstention

Plaintiff seeks relief against the Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights in connection with his ongoing criminal proceedings. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in

1  state court. Further, the Younger abstention doctrine bars requests for declaratory and
2  monetary relief for constitutional injuries arising out of a plaintiff's pending state criminal
3  prosecution. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986). There is no reason Plaintiff
4  cannot present his claims in the trial proceedings or in appeals therefrom, and intervention
5  by a federal court is not required. Plaintiff's claims against the Defendants will be dismissed
6  pursuant to the abstention doctrine.

### B.     Rosell and Haas

8  In Count I, Plaintiff alleges that he has asked his attorney, Rosell, to represent him at
9  trial but that Rosell has told Plaintiff he will not represent him based on the evidence
10 available. In Count II, Plaintiff alleges that Rosell is rendering ineffective assistance.
11 Although Plaintiff also sues Maricopa County Public Defender James Haas, he alleges no
12 facts against Haas. To the extent that Plaintiff sues his defense counsel and the public
13 defender, he fails to state a claim under § 1983.

14 To state a claim under §1983, a plaintiff must not only allege a violation of his
15 constitutional rights, but he must allege that a "defendant's actions were taken under color
16 of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc.
17 v. Brooks, 436 U.S. 149, 155-56 (1978)). "Acting under color of state law is 'a jurisdictional
18 requisite for a § 1983 action.'" Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). "[A]
19 person acts under color of state law only when exercising power 'possessed by virtue of state
20 law and made possible only because the wrongdoer is clothed with the authority of state
21 law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v.
22 Classic, 313 U.S. 299, 326 (1941)).

23 A prerequisite for any relief under 42 U.S.C. § 1983 are allegations to support that a
24 defendant has acted under the color of state law. Whether an attorney representing a criminal
25 defendant is privately retained, a public defender, or court-appointed counsel, he does not act
26 under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda
27 v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). Therefore, Plaintiff's
28 allegations against his criminal defense attorney and the public defender must fail. Plaintiff

will not be granted leave to amend because any amendment would be futile.  See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts").  Plaintiff can allege no facts against his defense counsel or the public defender to show that either acted under color of state law.

**Conclusion**

For the reasons discussed herein, Plaintiff fails to state a claim under § 1983 against the named Defendants.  Because he can allege no set of facts on which he could recover under § 1983, the Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $32.68.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 2nd day of March, 2009.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge

- 4 -